## Morgan v. State Farm Mutual Automobile Insurance Company

*E. David, Han,* for plaintiff.
*Scott O. Mears,* for defendant.

MIHALICH, *J.,* February 25, 1985—This matter comes before the court en banc on motions for summary judgment filed by both plaintiff and defendant in this assumpsit action for the payment of no-fault insurance benefits.

On May 11, 1982, plaintiff, Sheila Morgan, was injured in an automobile accident while operating a motor vehicle insured under an automobile policy issued by defendant, State Farm Mutual Automobile Insurance Company, to its insured, Eugene Bailey. Sheila Morgan is not related to Eugene Bailey by blood or marriage, but is an adult resident of his household.

When defendant, State Farm, issued the insurance policy to Eugene Bailey, Bailey elected to coordinate the payment of basic loss benefits with his primary medical insurance carrier, Blue Cross and Blue Shield. The insured's medical insurance policy does not apply to plaintiff for she is not related to him by blood or marriage. Plaintiff did have medical insurance with Blue Cross Shield by reason of her own employment.

Plaintiff makes claim in this lawsuit for payment of medical bills in the amount of $6,242.55. All of these bills have been paid by plaintiff's own medical insurance carrier. Plaintiff contends she is entitled to a duplication of these payments by defendant. Defendant has refused plaintiff's request for payment on the basis of the insured's election to coordinate benefits, making his medical insurance policy primary and his no-fault insurance policy secondary or excess coverage.

The issue before this court is whether the insured's coordination of benefits binds plaintiff, who would otherwise be eligible to collect primary no-fault benefits from defendant. This court is not aware of any reported case on this narrow issue. Counsel for the parties also do not cite any authority in their briefs.

The pertinent provision of defendant's insurance policy is contained under paragraph E of section II, and provides as follows:

"E. With respect to an *eligible person* who is *covered by payment of such benefits* through a program, group, contract or other arrangement which the *named insured has selected* as the primary source of recovery for motor vehicle accidents, this insurance is excess over any amount which are paid

or payable for medical expenses to or on behalf of such eligible person under the provisions of such other plan of insurance or benefits." (Emphasis added.)

Counsel for defendant has capably argued that under the provisions of both the No-fault Act and defendant's insurance policy, plaintiff should not be permitted to recover a duplication of medical payment. Defendant, however, in drafting its policy of insurance, failed to clearly set forth that the medical insurance policy of *all* eligible persons would be the primary source of recovery. The policy language is ambiguous in that the primary medical insurance policy or program is identified as that which was *selected by the named insured.* A named insured would have no personal knowledge of the existence or identity of any policy or program of medical insurance covering all eligible persons. Since defendant drafted its insurance policy, the ambiguity in paragraph E of sub-section II must be construed in favor of plaintiff and against defendant. The medical insurance policy deemed to be selected by defendant's insured, Eugene Bailey, was his own medical insurance policy, not plaintiff's medical insurance policy. (Emphasis added.)

A separate issue which has not been addressed by this court, is whether a coordination of insurance benefits as proposed by defendant would conflict with the provisions of the Pa. No-fault Motor Vehicle Insurance Act.

For the above-mentioned reasons, the court enters the following

## ORDER

And now, this February 25, 1985, it is hereby ordered, adjudged and decreed that the motion for

summary judgment of defendant, State Farm Mutual Automobile Insurance Company, is denied. Plaintiff's motion for summary judgment is granted and judgment is entered in favor of plaintiff, Sheila A. Morgan, and against defendant, State Farm Mutual Automobile Insurance Company, in the amount of $6,242.55, plus interest at the rate of 18 percent annum.